JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Jamal Johnson, appeals his conviction for aggravated robbery. After a thorough review of the arguments and for the reasons set forth below, we affirm.
 {¶ 2} On October 8, 2005, appellant was indicted on one count of aggravated robbery, in violation of R.C. 2911.01, a felony in the first degree, and one count of having a weapon while under a disability, in violation of R.C. 2923.13, a felony in the fifth degree. The charge of aggravated robbery carried one- and three-year firearm specifications.
 {¶ 3} On December 6, 2005, appellant was arraigned. He pleaded not guilty and signed a jury waiver, opting for a bench trial. On December 12, 2005, the trial court found him guilty on all counts. After the trial court rendered its decision, appellant waived preparation of a presentence investigation and proceeded to sentencing. He was sentenced to three years for aggravated robbery, one year for having a weapon while under a disability, and three years for the firearm specifications. The trial court ordered that the aggravated robbery conviction and firearm specifications be served concurrently and the weapons charge be served consecutively, for an aggregate term of six years incarceration.
 {¶ 4} The incident that gave rise to the charges against appellant occurred on July 11, 2004. On that day, the victim, Michael Ledger, was having his 1987 Buick Regal washed at C and J's carwash in the city of Cleveland. Ledger had put $35,000 worth of work and equipment into his vehicle and had it washed several times a week. As the car was being washed, appellant arrived at the carwash. Ledger recognized him because appellant had previously threatened to steal Ledger's car. Appellant waived a gun at Ledger and the carwash employees, ordering everyone to back up. He asked for the keys to Ledger's car. One of the employees yelled that the keys were in the ignition, and appellant got into Ledger's car and sped off.
 {¶ 5} Charles Davis, the owner of the carwash who is also a retired Cleveland police sergeant, also witnessed the robbery. As Davis was pulling into the carwash, he noticed that his employees were running toward him, screaming that there had been a robbery with a gun. Davis also witnessed Ledger's car as it quickly sped away.
 {¶ 6} A week after the robbery occurred, Ledger and a friend, who had been present during the robbery, picked appellant out of a properly conducted photographic lineup. Although Ledger's car was eventually recovered, it had been completely stripped of all valuable parts and electronics, rendering it worthless.
 {¶ 7} Appellant brings this appeal asserting two assignments of error for our review. Because the assignments of error are substantially interrelated, they will be addressed together.
 {¶ 8} "I. Appellant has been deprived of his liberty without due process of law by his convictions for aggravated robbery and firearm specifications, which were not supported by sufficient evidence to prove his guilt beyond a reasonable doubt.
 {¶ 9} "II. Appellant's convictions for aggravated robbery and the firearm enhancement specifications were against the manifest weight of the evidence."
Appellant argues that the state did not provide sufficient evidence to support his conviction for aggravated robbery. He further contends that, because of the insufficient evidence offered by the state, his conviction was against the manifest weight of the evidence.
 {¶ 10} Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955),162 Ohio St. 486. A conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982),457 U.S. 31, citing Jackson v. Virginia (1979), 443 U.S. 307.
 {¶ 11} Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. State v. Nicely
(1988), 39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass (1967),10 Ohio St.2d 230. On review, the appellate court must determine, after viewing the evidence in a light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v.Jenks (1991), 61 Ohio St.3d 259; Jackson v. Virginia (1979),443 U.S. 307.
 {¶ 12} Sufficiency of the evidence is subjected to a different standard than is manifest weight of the evidence. Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. Cityof Cleveland (1948), 150 Ohio St. 303, 345.
 {¶ 13} The United States Supreme Court recognized the distinctions in considering a claim based upon the manifest weight of the evidence as opposed to sufficiency of that evidence. The court held in Tibbs v. Florida, (1982),457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 752, that, unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43. Upon application of the standards enunciated in Tibbs, the court in State v. Martin (1983), 20 Ohio App.3d 172, 485 N.E. 2d 717, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 14} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Martin at 720.
 {¶ 15} After review of the record, we do not agree with appellant's contention that his conviction was not supported by sufficient evidence and was against the manifest weight of the evidence. On the day of the robbery, Ledger directly witnessed appellant as he flashed a gun and drove away in Ledger's car. In addition, Ledger identified appellant in a photographic lineup and testified that appellant had previously threatened to steal his car. Davis, the owner of the carwash and former Cleveland police sergeant, testified that he witnessed Ledger's car as it sped away from the carwash. During Davis' testimony, he was candid about the fact that his employees at the time of the robbery were transients and could not be located to testify at trial; however, despite the absence of testimony from the employees, Davis and Ledger presented a credible and consistent account of the robbery.
 {¶ 16} Appellant argues that Ledger gave slightly inconsistent descriptions of the gun and his physical appearance on the day of the robbery, but those deviations are minute in comparison to the solid caliber of evidence offered at trial.
 {¶ 17} It is clear that the state presented more than sufficient evidence to support appellant's conviction. Similarly, when evaluating the totality of the evidence, it is apparent that appellant's conviction was not against the manifest weight of the evidence. Accordingly, appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Rocco, J., Concur.